# DELAWARE ETC. R. CO. v. NEWTON COAL M. CO.

## APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS OF LUZERNE COUNTY.

Argued October 31, 1890—Decided November 10, 1890.

On a bill in equity filed by a railroad company to enjoin the defendant from the erection of a building within the company's right of way, the plaintiff's title being legal and disputed by the defendant, it is error to award a preliminary injunction until the disputed right shall be tried at law.

Before Paxson, C. J., Green, Clark, Williams, McCollum and Mitchell, JJ.

No. 45 January Term 1891, Sup. Ct.; court below, No. 10 October Term 1890, C. P. in Equity.

On August 1, 1890, the Delaware, Lackawanna & Western Railroad Company filed a bill in equity against the Newton Coal Mining Company, averring that the defendant company,

at a point about 350 feet northward from the freight station of the plaintiff company, at Pittston borough, had made an excavation and begun the building of the foundation of an engine house for driving the fan connected with defendant's mines, which excavation and foundation were within the lines of plaintiff company's appropriation for right of way; praying for an injunction.

A motion by the plaintiff for a preliminary injunction was heard on August 6, 1890. The plaintiff's affidavits were to the effect that the defendant's excavation and foundation were within the railroad appropriation, which however, was not defined by marked boundaries, but the point had been used for a considerable length of time as a place for teams to drive in and out to load and unload freight. The affidavits of the defendant alleged in general terms that the land in controversy was not within the plaintiff's right of way, but belonged to the defendant and had been occupied by it and its predecessors in title for a long period, as a place for piling lumber, ties, etc.

On August 22, 1890, the court, Rice, P. J., filed an opinion in part as follows:

The allegation that the land belongs to the defendant must be taken and considered in connection with the deed under which she claims title, and from the deed it appears that the right of way, as granted and conveyed by Samuel Benedict, is recognized and expressly reserved. Where, then, is the plaintiff's right of way? In the absence of monuments on the ground, drafts of surveys exhibiting the original location would be evidence, and, according to the company's map recorded in its book of drafts of rights of way, the point in controversy is not only within the sixty feet to which the company was entitled by law, and the grant from Samuel Benedict, to appropriate, but within the lines of the land actually appropriated. It was not necessary to mark off the land by permanent monuments, nor to cover it with railroad tracks.

The plaintiff shows by affidavits that it has been used for a considerable length of time as a place for teams to drive in and out, to load and unload freight. It is also alleged that, as early as 1860 and continuing until 1880, two switches were located across the ground where the foundation of the struc-

ture, proposed to be erected by defendant, now stands. The plaintiff does not deny that the defendant and her predecessors have from time to time piled lumber and other materials on the land, but alleges that she has from time to time removed such obstructions from the right of way, after being notified to do so. If the land is within the lines of the company's appropriation, the use of the land from time to time, in the manner described by the defendant and her predecessors, would not give title.

To establish the true location of a railroad in Pennsylvania is a matter peculiarly within the power of the railroad company. There is not, and never has been, any requirement that the location should be anywhere filed or recorded for the benefit of parties interested: Phila. etc. R. Co. v. Obert, 109 Pa. 193, 204. Therefore, we do not think the defendant, or those from whom she derived title, can claim to be purchasers without notice. They had notice of the grant from Samuel Benedict, although not recorded, and recognized its validity. Inquiry would have given them information as to the extent of the plaintiff's appropriation under that grant, if they did not know it otherwise. In the absence of monuments on the ground marking the lines, we do not think they had a right to presume, without inquiry, that the plaintiff's appropriation under the grant included less than the law would allow them to take.

Reserving the expression of any further opinion upon the merits of the case, until final hearing, we conclude that it is a proper case for the application of the principle enunciated in Rhea v. Forsyth, 37 Pa. 507 : " Where the emergency is pressing, and the injunction affidavits disclose a prima facie right in the plaintiff, the proper practice, I apprehend, is for the court to interfere by special injunction and stay the defendant's hand, until the right can be tried at law. If the plaintiff will not bring his suit at law within a reasonable time, or fails to maintain it, the special injunction can be dissolved. But if, without unreasonable delay, he succeeds in establishing his right, the defendant can be heard on his answer and proofs, and the injunction be dissolved or made perpetual, as may appear equitable and just."

—A preliminary injunction having been awarded, the defendant took this appeal, assigning the decree for error.

*Mr. J. Alton Davis* (with him *Mr. D. W. Connolly*), for the appellant.

Counsel cited: Rhea v. Forsyth, 37 Pa. 503; North Penna. Coal Co. v. Snowden, 42 Pa. 488; Washburn's App., 105 Pa. 484; Bitting's App., 105 Pa. 517; Patterson's App., 129 Pa. 109; Clark's App., 62 Pa. 447; Brown's App., 62 Pa. 17; Norris's App., 64 Pa. 275; Tillmes v. Marsh, 67 Pa. 507; Phila. etc. R. Co. v. Obert, 109 Pa. 194.

*Mr. Andrew H. McClintock* (with him *Mr. M. I. Corbett*), for the appellee.

Other than cases cited by appellant, counsel cited: Masson's App., 70 Pa. 26.; Minnig's App., 82 Pa. 373; Holmes v. Bleaching Co., 14 N. J. Eq. 335; Carlisle v. Cooper, 21 N. J. Eq. 583; Cheesman v. Shreve, 37 Fed. R. 36.

PER CURIAM:

This was an appeal from the decree of the court below awarding a preliminary injunction.

> The decree is reversed, and the injunction dissolved at the costs of the appellees.