## Schmidt *v.* Lieberum, Appellant.

*Deeds—Exception—Reservation—Land excepted for road.*

1. A strip of land will be considered as being excluded from a grant where the description of the land conveyed by the deed is followed by a provision as follows: "Said parties of the first part excepting and reserving however thereout and therefrom and from the operation of this deed, a strip of ground thirty feet wide running directly across the above described lot from the said Thomas land to J. B. Mitchell's land, passing a little southwestwardly of the spring; the said thirty feet wide being reserved for a road or way and is not hereby intended to be conveyed."

*Nuisance—Obstruction of road—Laches.*

2. The presence of gates or bars on a road over which neighboring owners have a right of way, will not defeat such owners' rights, where it appears that such gates and bars were used merely to restrain cattle from wandering. Continued encroachments or permissive trespasses cannot extinguish public from private rights.

3. Where a person builds a house within the limits of a road over which neighboring owners have a right of way, such owners cannot be accused of laches, if they permit the house to stand without objection for several years during which the trespasser had provided a substituted road over his own land, and take no action until such substituted road is itself closed by the owner.

Argued April 18, 1913. Appeal, No. 65, April T., 1913, by defendants, from decree of C. P. Allegheny Co., Jan. T., 1912, No. 35, on bill in equity in case of Mary Schmidt et al. v. Christian Lieberum et al. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Bill in equity for an injunction.

The complainants and defendants are the owners of lands in Versailles township, Allegheny county, Pennsylvania. The complainants alleged in their bill that, for more than twenty-one years, they and the grantees of Peter Schmidt, their predecessor in title, and the' traveling public in general, have used as an outlet for foot, wagon and other traffic a certain road, which runs through the land formerly of said Peter Schmidt, and the lands of the defendants to a public road known as the Snake Hollow Road, near which intersection is a public school house; that a portion of said road, to-wit, that which traverses land of Christian Lieberum, was expressly reserved by deed in said Lieberum's line of title; and that said Lieberum has obstructed said road by building a house across it, and both he and Storch, the other defendant, have otherwise obstructed the road and have prevented the children of the plaintiffs and of all other owners of the Schmidt lands from using it as a way to and from said public school, their only means of access thereto and have prevented all others from using the road as theretofore. The complainants prayed that an injunction might issue to restrain the defendants from obstructing said road and from preventing said school children and others from using the same, and that Christian Lieberum and the heirs of Ann Elizabeth Lieberum be required to remove the dwelling house which they have erected thereon.

The deed above referred to, after describing the lands, proceeded as follows:

"Said parties of the first part excepting and reserving, however, thereout and therefrom and from under the operation of this deed a strip of ground thirty feet wide, running directly across the above described lot from the said Thomas land to J. B. Mitchel's land, passing a little southwestwardly of the spring; the said thirty feet wide being reserved for a road or way and is not hereby intended to be conveyed."

SWEARINGEN, J., found the facts to be as follows:

4. The "Eden Park Plan" is bounded on its southwesterly side by the said tract of two acres fifty-one and eight-tenths perches belonging to Christian Lieberum, which in turn is bounded on its southwesterly side by land of said Frank K. Storch. All said lands lie on the southeasterly side of a ravine called "Snake Hollow," through which there runs in a southwesterly direction a small stream of water. A short distance from the easterly bank of the stream, the ground rises very abruptly to a height of from twenty to twenty-five feet. This bank commences east of the "Eden Park Plan" and continues at about the same height to the west of the land of said Storch, and thence it gradually slopes down to a considerable distance beyond. About the year 1867 a township road was laid out and opened down the said ravine. It is known as the "Snake Hollow Road." It runs in a southwesterly direction down said ravine and connects further west with an improved county road, near the latter's intersection with Walnut street, McKeesport, and said county road connects Walnut street with the main street in Versailles borough on the Youghiogheny river. Said Snake Hollow Road follows closely the bed of the stream, being in some places almost level with the banks thereof, and in times of high water the road is in places overflowed. It is not a well-kept road, and in bad weather is sometimes almost impassable and is unsafe for children to travel.

5. For the last sixty-five years a road ran along the face of the southeasterly side of said ravine above said abrupt bank, through the lands now of the complainants and of the defendants. It formerly connected with township roads to the east of said Eden Park Plan. It then ran southwesterly through the lands now of Schmidts, Lieberum and Storch, and thence turning towards the west and northwest connected with what is now the Snake Hollow Road, about 1,000 feet westerly of Storch's west line. It was well defined upon the

ground, of the usual width, and persons, vehicles and animals were accustomed to pass over it, whenever occasion required. It ran near the buildings on what is the Eden Park Plan. As early as 1850 a log schoolhouse was situated on the Northwesterly side of said road, upon the land now of Frank K. Storch and near to the line between his land and said land of Christian Lieberum. Just across said road and on the same land there was a well-known spring of water. A number of years ago, said log schoolhouse was replaced by a more modern one, which is situated in Snake Hollow near the intersection of the aforesaid road with said Snake Hollow Road. Fences were maintained along portions of the aforesaid road, in some places on both sides of it, especially where it passed through what is now the Storch land. Along the latter portion of said road there has been a fence for more than twenty-one years which defines the course through said land; and there is now, where the road runs through the same land, a row of cherry trees along each side of it. Said road seems never to have been maintained by the public authorities of Versailles township, but it was repaired from time to time by the persons through whose lands it passed. A number of years ago the portion east of Eden Park Plan seems to have been discontinued. But the remaining portion continued to be traveled by the people living along the line of it and by all persons who had occasion to use it, uninterruptedly as theretofore, for the purposes of walking, hauling with teams and traveling on horseback, and by children attending the Snake Hollow school, until the events hereinafter stated in findings of fact ten.

6. The said road, through the Eden Park Plan, coincides with Centre street thereof, and, through the land of Christian Lieberum, it coincides with the thirty-foot strip reserved for a road by George Thomas in his deed to Peter Butler.

7. The said road, running through the lands of the

complainants and of the defendants, is the only passable outlet which the people, who reside east of Lieberum on the Eden Park Plan, have to reach the improved county road and thence McKeesport and Versailles borough; and it is the only way that others having occasion to go to the property of the people on the Eden Park Plan have at all seasons of the years. And said road is the only safe, passable way by which the children of that neighborhood can reach the public school.

8. For many years movable bars and swinging gates were maintained at different times across said road by various owners of the land, and there were, at the time this bill was filed, a pair of bars across it near the westerly line of the defendant Storch's land, another pair near his barn, which is a short distance west of Lieberum's line, and a pair of bars upon the land of Schmidts, the complainants. These bars and gates were placed across the road for the purpose of keeping cattle and other stock within the fields and out of them, and they did not interfere with people who had occasion to use said road, except that such persons were obliged to let down the bars and to open the gates in order to pass along the road. It was not the intention of the persons who placed the bars and gates across the road (with the exception of the defendants recently) to interfere with persons who needed to use the road.

9. Christian Lieberum, one of the defendants, formerly owned all of the land through which the road in controversy runs, from the westerly line of the Schmidt property to the point where it connects with the Snake Hollow Road. He sold plots of ground running to and abutting upon a street forty feet wide, which is a continuation of the road in controversy, although by Lieberum's said conveyances the portion west of Storch's line may have been moved a little southeast of its former location. The change, if any, caused no interruption of the use of the road by the complainants and by those who were accustomed to use it,

10. About seven or eight years ago said Christian Lieberum erected a house upon his said two acres fifty-one and eight-tenths perches within the lines of said road and within the lines of the said exception and reservation in the deed from George Thomas to Peter Butler. Thereafter the people who had occasion to use said road were accustomed to pass, either on foot or horseback or in vehicles, around said house. This continued until about eighteen months prior to the filing of this bill, when vehicles were stopped by the defendants. About May, 1911, the defendants began preventing people from using the road generally. At the opening of the school at Snake Hollow schoolhouse in September, 1911, said Lieberum and Storch, by threats and other hostile means, stopped the children from passing along said road to and from said school, and the children were forced to remain out of school until the injunction was granted in this case. There were, including the children of the complainants, about eighteen of such children who were in the habit of attending said school. About the same time the defendants prevented all other persons, except those going to and from the homes of the defendants, from using said road.

The court awarded an injunction as prayed for in the bill.

*Error assigned* was the decree of the court.

*Saul Schein*, with him *Peter M. Lippert*, for appellants.—Plaintiffs were guilty of laches: Powers' App., 125 Pa. 175; Stewart Wire Co. v. Lehigh Coal & Navigation Co., 203 Pa. 479; Chapman v. Chapman, 59 Pa. 214; Arnold v. Cornman, 50 Pa. 361; Cox's App., 11 W. N. C. 571; Dunmore Borough's App., 1 Mona. 567; Trimble v. King, 114 S. W. Repr. (Ky.) 317; Alexander v. Woodford, 90 Ky. 215.

A prescriptive right may only be obtained by adverse user for the statutory period of time under a claim of

right and with the knowledge and acquiescence of the servient owner: Esling v. Williams, 10 Pa. 126; Hughesville Water Co. v. Person, 182 Pa. 450; Woodbury v. Allan, 215 Pa. 390.

The terms reservation and exception are often used interchangeably, and the technical meaning will give way to the manifest intent, even though the technical term to the contrary be used: Kister v. Reeser, 98 Pa. 1; Moffitt v. Lytle, 165 Pa. 173; Riffler & Sons v. Wayne Storage Water Power Co., 232 Pa. 282.

*H. W. Douglass,* with him *W. B. Rodgers,* for appellee.— The appellants claim an estoppel. But there is no estoppel in this case. One who pleads estoppel must be one who in good faith has been misled to his injury: Davis v. Fenner, 30 Pa. Superior Ct. 391; Tibbets v. Sharpleigh, 60 N. H. 487; National Cash Register Co. v. Shurber, 41 Pa. Superior Ct. 192.

No adverse possession of a public highway bars the public and no title can be acquired against the public by user alone nor lost to the public by nonuser: Com. v. Moorhead, 118 Pa. 344.

OPINION BY HENDERSON, J., October 13, 1913:

As the case is now presented it seems to be well established that the road for which the plaintiffs are contending has been in existence for at least sixty-five years. It was visible to the eye and in use by all whom business or pleasure took that way. A part of it was fenced; trees were growing on each side of another part; a schoolhouse was located and in use on it and it was well defined on the ground. All of this appears in the fifth finding of fact as to which there is no assignment of error. The testimony of many witnesses supports this finding. It is equally well established that the title of Christian Lieberum, one of the appellants, does not cover the land on which the road is located. The deed from George Thomas to Peter Butler which is a link

in the Lieberum title excepted from the operation of
that conveyance a strip thirty feet wide reserved for a
road.  It is true the conveyance uses the term "reserv-
ing" as well as "excepting," but the other terms of the
period make it clear that the land covered by the road
was excluded from the grant.  The strip of ground was
by the very words of the grant excepted and reserved
from "the operation of this deed," and in the same
connection it is recited that the strip referred to "is
not hereby intended to be conveyed."  More appro-
priate language than this could not be employed to
express the intention of the grantor.  It means that
what the grantee acquired was all of the land described
except the part reserved for the road which part the
grantor did not intend to, and did not in fact, convey.
That the land thus reserved was a part of the road then
in existence to which the witnesses referred and which
the court below found to be the fact is sufficiently es-
tablished.  There is also evidence that while Lieberum
owned the land extending from the westerly side of
the Schmidt tract as far as the Snake Hollow road he
sold lots laid out on a street forty feet wide substantially
on the line of the old road and although the location may
have been a little shifted by the arrangement of the lots,
such change if made in no wise affected the use of the
road, and this the court has found to be a fact.  There
was thus a dedication of this part of the road to public
use and an express intention to extend the road there-
tofore existing through the Schmidt tract along the
line of the forty foot street to the vicinity of the new
schoolhouse.  The road thus located and defined was
in general use to such an extent as to justify the con-
clusion of the trial judge that a way existed by prescrip-
tion through the land of both of the appellants.  The
dedication by the owners of the land and the public
use warrant a presumption of acceptance of the road
by the public.  The presence of a gate or bars on the
road at times was not such an obstruction as defeated

the easement made appurtenant to the Schmidt land, for it is distinctly shown that the gate and the bars were a convenience to the owner of the land and used to restrain cattle from wandering. This seems to have been assented to by travelers on the road at times but could not prejudice the rights of the public or destroy those of the adjoining property owners whose interests would be affected by the closing of the road: Connery v. Brooke, 73 Pa. 80; Kohler v. Smith, 3 Pa. Superior Ct. 176. Continued encroachments or permissive trespasses would not extinguish public or private rights. It was proved that the Lieberum house is located in part on the land excepted in the deed from Thomas to Butler. It is therefore an obstruction in a way established by prescription and confirmed by the dedication which Thomas made. The plaintiffs as holders of titles in the Schmidt plan of lots have a vested interest in the street, and have standing to complain that a nuisance is maintained prejudicial to their interests.

The evidence does not disclose such a state of facts as required the court to hold that the plaintiffs' cause was defeated by laches. The house was built several years before the bill was filed, but the court has found on sufficient evidence that a substitute was provided, travelers being permitted to pass around the house on an adequate road. It was only when the way was blocked for teams and the school children prevented from passing to and fro that the substantial injury to the complainants arose. The defendant has not shown that he was misled to his injury, that he was deceived by the conduct of the complainants or that any fraud was practiced. He could have learned from the deed which he held that the strip of land used for a road did not belong to him and we do not find anything in the conduct of the plaintiffs which was an inducement to him to locate a part of his house in the road. It would seem that the plaintiffs were willing to accept a substituted way around the house instead of insisting on

its removal, but Lieberum in the end not only obstructed the way with his building but closed up the passage which supplied the appropriated space. The claim of an estoppel under such circumstances does not appear to us to be well founded. A careful examination of the rulings of the court, the conclusions of fact and the decision of the court convinces us that there is no error of which the appellants can successfully complain.

The decree is affirmed at the cost of the appellants.