# Lauderbach-Zerby Co. *v.* Lewis, Appellant.

*Equity—Jurisdiction—Easement—Title to land — Preliminary proceedings at law—Proceedings in limine.*

1. On a bill in equity, where a question of title to land is involved in a claim to an easement, equity has jurisdiction, if the plaintiff's title is clear and the conveyance shows the privileges conferred.

2. If defendant challenges plaintiff's title, he should raise this issue in limine and have it decided.

*Deed—Reservation—Exception.*

3. A reservation is the creation of a right or interest which had no prior existence as such in a thing or part of a thing created.

4. An exception is always a part of the thing granted.

5. In determining whether a provision in a deed is a reservation or an exception, the intent of the grantor must be disclosed by the words used.

6. In this case the court construed the words of a deed as intended for a reservation and not an exception.

7. An owner of land may arrange it as he pleases, doing no injury to others, and any ways or privileges which he may provide for the. necessary or convenient use of the different parts of the land, or structures upon it, will remain as servitudes upon the parts subjected to them by him, in the lands of subsequent purchasers with notice, or when the easements are continuous and apparent.

8. The easements thus created become appurtenances of the dominant estates, and require no deed or writing to support them.

Argued March 24, 1925.   Appeal, No. 67, Oct. T., 1924, by defendant, from decree of C. P. Indiana Co., June T., 1921, No. 7, on bill in equity, in case of Lauderbach-Zerby Company v. Linus M. Lewis.   Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Affirmed.

Bill for injunction to restrain interference with railroad siding.   Before LANGHAM, P. J.

The opinion of the Supreme Court states the facts.

Decree for plaintiff.   Defendant appealed.

*Error assigned* was, inter alia, decree, quoting record.

*W. M. Mahan,* with him *S. J. Telford* and *S. M. Jack,* for appellant.—Title should have been established at law: Rhea v. Forsythe, 37 Pa. 503; Delaware, etc., R. R. v. Coal Mining Co., 137 Pa. 314; Gorman v. McDermott, 42 Pa. Superior Ct. 516; Godino v. Kane, 26 Pa. Superior Ct. 596; O'Neil v. McKeesport, 201 Pa. 386.

The deed involved an exception and not a reservation: Mandel v. Gharing, 256 Pa. 121; Riefler v. Water Power Co., 232 Pa. 282; Kister v. Reeser, 98 Pa. 1; Arthur City Club v. McGeer, 198 N. Y. 609; Schmidt v. Lieberum, 54 Pa. Superior Ct. 500.

*Geo. J. Feit,* of *Peelor & Feit,* with him *James W. Mack,* for appellee.—If plaintiff's title is clear, equity will grant relief although there has been no adjudication of the title at common law: Edgett v. Douglass, 144 Pa. 95; Miller v. Lynch, 149 Pa. 460; Manbeck v. Jones, 190 Pa. 171; Richmond v. Bennett, 205 Pa. 470; Wilson v. Cather, 214 Pa. 3.

The easement is an easement appurtenant, and not an exception, and the lineal descendant of James P. Carter, under the circumstances, had no title in the easement which he could convey: Moffitt v. Lytle, 165 Pa. 173; Kister v. Reeser, 98 Pa. 1; Tinicum Fishing Co. v. Carter, 61 Pa. 21.

OPINION BY MR. JUSTICE SADLER, April 13, 1925:

Carter, the owner of land located in the Borough of Indiana, laid it out in lots in 1870. We are concerned in the present case with numbers 13 and 14, which abutted on Water Street, located opposite the yards of the Pennsylvania Railroad Company. To the north, and separated by an alley, were tracts 16 and 17. In the conveyance to one Fiscus for the property in front, provision was made for a siding to be used by all interested, six feet being reserved for this purpose from the two pieces of land first named. In the deed executed, he directed that there should be reserved and excepted "a right-of-way along the boundary line between lots Nos. 13 and 14, above described, twelve feet in width, being six feet off the eastern side of lot No. 14, and six feet off the western side of lot No. 13, for the construction and operation of a certain railway track, to connect with the track of the Pennsylvania Railroad Company, running throughout the whole length of said lots Nos. 13 and 14, communicating with the lots and land lying north of the same, together with the right to the free and uninterrupted use and enjoyment of the said railway by himself, or any other person or persons whomsoever having authority under the said James P. Carter,

his heirs or assigns, to use the same, to run cars, trucks, engines or any other species of conveyance over the same, without let or hindrance forever." The right-of-way was reserved by James P. Carter, his heirs and assigns forever. In the deed for the lots to the north of the alley, one of which is now owned by the defendant, it was set forth as follows: "Whereas, also a certain railway track has been located and built on the line between lots Nos. 16 and 17, which said railway was constructed for the benefit" of the grantor and others who might acquire interest as a result of conveyances, "the aforesaid railway shall not be interferred with nor obstructed, removed, or in any way injured, but the same shall remain open and free to such as might have the right of passage over the same, with locomotive engines, cars, trucks, etc., and the right-of-way of said railway is hereby reserved to him, the said James P. Carter, his heirs and assigns forever."

The siding was built and actually used for more than thirty years by the lot owners, whenever necessity required. Later, the defendant, Lewis, became the owner of the lots purchased by Fiscus from Carter, and, in 1919, obtained a conveyance from the only heir of the former owner of any rights he might have in the twelve-foot right-of-way. Thereupon, he erected a gate across the track, and when this was removed, installed another obstruction, fastening it with chains and lock. As a result, the present bill was filed, praying that further interference with the use of the siding be restrained. A preliminary injunction was granted, later made permanent after full hearing, and it is from this decree we have the present appeal.

The facts as stated, based on ample testimony, were found substantially as narrated above. Though many assignments of error have been filed, the real questions involved are but two. Was the provision for the right-of-way a reservation for the benefit of the purchasers of lots on the Carter plan, or was it the intent of the

grantor to except this strip when he deeded it to Fiscus? Further, is the plaintiff entitled to an injunction without securing a preliminary determination as to his title in an action at law? The learned court below held also a right by prescription had been acquired by the continuous use of the siding for more than thirty years by all of the interested lot-holders, but a discussion of this proposition is unnecessary, as we view the facts justifiably found.

Did Carter, by his deed in 1870, make a reservation of the strip in question for the benefit of those to whom the lots were to be sold? "A reservation is the creation of a right or interest which had no prior existence as such in a thing or part of a thing granted. It is distinguished from an exception in that it is a new right or interest. An exception is always of part of the thing granted, it is of the whole of the part excepted. A reservation may be of a right or interest in the particular part which it affects. These terms are often used in the same sense, the technical distinction being disregarded": Kister v. Reeser, 98 Pa. 1, 5; Schmidt v. Lieberum, 54 Pa. Superior Ct. 500. The intent of the grantor must be disclosed by the words used: Mandle v. Gharing, 256 Pa. 121; Sheffield Water Co. v. Elk Tanning Co., 225 Pa. 614. If the location of the siding constituted a reservation, and we so hold, then the grantees of the lots of whom the plaintiff was one, acquired rights of which they could not be involuntarily divested: Moffitt v. Lytle, 165 Pa. 173. An examination of the deeds shows the easement created to have been appurtenant to the land: Ehret v. Gunn, 166 Pa. 384. "It is settled law in Pennsylvania that an owner of land may arrange it as he pleases, doing no injury to others, and that any ways or other privileges which he may provide for the necessary or convenient use of the different parts of the land, or of structures on it, will remain as servitudes upon the parts subjected to them by him, in the hands of subsequent purchasers with notice, or when the easements are con-

tinuous and apparent. The easements thus created, being for the specific use of the lands for which they were provided, become appurtenances of those dominant estates, and require no deed or writing to support them; they pass by a conveyance of the estates to which they are appurtenant": Held v. McBride, 3 Pa. Superior Ct. 155, 158. No one with unprejudiced mind can examine the original deeds of Carter to Fiscus, and come to any other conclusion than that he intended the siding to be reserved for the benefit of the lots in front as well as those on the north side of the alley.

It is further suggested that the question of title should have first been determined in an action at law, before an equity court was asked to intervene. Where there is a substantial dispute as to relative rights of the parties, this principle will undoubtedly be invoked: Rhea v. Forsyth, 37 Pa. 503; Del. R. Co. v. Newton Coal Mining Co., 137 Pa. 314; O'Neil v. McKeesport, 201 Pa. 386. But a contrary conclusion is reached when the record title is clear, and the conveyances show the extent of the privileges transferred: Miller v. Lynch, 149 Pa. 460. Certainly, a defendant who challenges the jurisdiction of the equity court must explicitly raise this issue and have it decided in limine (Tide Water Pipe Co. v. Bell, 280 Pa. 104), and this was not done here.

It follows from what has been said that the assignments of error should be overruled.

The decree is affirmed at the cost of appellant.