SETCHELL AUTO PARTS INC. *vs.* ARTAMIAN & SUTCLIFFE INC.

MAY 20, 1929.

PRESENT: Stearns, Rathbun, Sweeney, and Barrows, JJ.

SWEENEY, J. This is a bill in equity praying that respondent be permanently enjoined from seizing two automobiles or taking legal action to recover possession of the same; that the rights of the complainant as owner of said automobiles may be established and for other relief. After hearing in the Superior Court upon bill, answer, issues of fact and proof, final decree was entered in favor of complainant. Respondent has brought the case to this court

by its appeal alleging as reasons therefor that the decree was against the law and weight of the evidence.

Each party is a corporation; the complainant being located in the city of Providence and respondent in the town of Uxbridge, Massachusetts. Complainant avers in its bill that April 5, 1928, it purchased of one Hale, then residing in Pawtucket, two automobiles for which it paid him a valuable consideration; that April 9, it sold and delivered possession of one of said automobiles to one buyer and April 11 it sold and delivered possession of the other automobile to another buyer; that each automobile was sold on condition that title thereto should remain in complainant until the buyer had paid in full for it and that each buyer has not yet done so; that soon after complainant had delivered possession of said automobiles to said buyers, respondent's agent made a demand upon complainant for said automobiles, claiming that respondent owned them because it had sold them April 5 to said Hale on condition that title should remain in respondent until Hale had paid the full purchase price for them and that said Hale had not paid for them, and threatened to take immediate possession of said automobiles from complainant's buyers.

Complainant also averred that when respondent sold and delivered said automobiles to Hale it knew that Hale intended to sell them and that complainant purchased the automobiles of Hale without notice of respondent's claim against him and that complainant sold and delivered said automobiles to its buyers without notice on their part of respondent's claim against Hale. Complainant further averred that its buyers used said automobiles in their business and if they were taken by respondent's agent and removed from this State said buyers would sustain serious loss as Hale had absconded and complainant would be involved in a multiplicity of suits.

Respondent filed an answer in which it averred that it had sold said automobiles to said Hale on condition that title should remain in it until Hale had paid in full for the

automobiles; that Hale had not paid in full for said automobiles and respondent claimed the right to seize the automobiles and threatened to do so. Respondent denied that it knew that Hale intended to sell said automobiles.

The parties agreed that the issue of fact was: Did the respondent know, or should it have known, that Hale intended to expose said automobiles for sale?

The testimony upon this issue was very conflicting. The trial justice said that where the testimony was so contradictory he had to believe one side or the other and thought that complainant had proved that respondent knew that Hale was going to resell the automobiles, and decree was entered for complainant. After a careful reading and consideration of the testimony it does not clearly appear to us that the finding of the trial justice was erroneous.

Respondent now contends that it appears from the testimony that complainant had an adequate remedy at law and therefore can not seek or obtain relief in equity. This contention presents a question of law which should have been raised by demurrer to the bill and can not be allowed at this stage of the case. Questions of law should be raised by demurrer where it can be done. *Allen* v. *Woonsocket Co.*, 11 R. I. 288. Respondent, challenging the jurisdiction of the equity court to grant an injunction on the ground that complainant has an adequate remedy at law, must raise this issue and have it decided *in limine*. *Lauderbach-Zerby Co.* v. *Lewis*, (Pa.) 129 A. 83. In the circumstances respondent must be held to have waived his right to question the jurisdiction of the court when he proceeded to trial, without objection, upon the issue of fact raised by his answer.

The appeal is dismissed; the decree appealed from is affirmed; and the cause is remanded to the Superior Court for further proceedings.

*Walter J. Hennessey*, for complainant.
*Flynn & Mahoney*, for respondent.