## Barrows v. Romaine et al.

*Thomas S. Lanard,* for plaintiff; *J. Joseph Stratton,* for defendants.

BROWN, JR., J., August 19, 1932.—The bill prays for the partition of property No. 5914 Master Street, Philadelphia, Pa., averring that title thereto was acquired by F. Clifford Romaine and the defendant, Margaret L. Romaine, on April 1, 1907, that F. Clifford Romaine, also known as Frederick C. Romaine, was in fact F. Clifford Barrows, also known as Frederick S. Barrows, that he died on April 11, 1931, leaving to survive him as his heirs at law his widow, Mary E. Barrows, who is the plaintiff, and their children, Frederick S. Barrows, Jr., and Caroline M. Lilley, who are also defendants.

The defendant Margaret L. Romaine in her answer denies that F. Clifford Romaine was F. Clifford Barrows, also known as Frederick S. Barrows, that plaintiff and the other two defendants are his heirs at law, and avers that she was lawfully joined in marriage with him on December 11, 1900, continuously living with him as his lawful wife until his death, that of her union with him a son, Jesse D. Romaine, was born, and that she and the last named constitute his sole heirs at law.

From the admissions in the pleadings and the evidence, I make the following

### Findings of fact

1. Plaintiff, Mary E. Barrows, and Frederick S. Barrows were married on October 14, 1882, living together until 1900, when he left their home at New Bedford, Mass. No divorce was obtained and the marriage relation existed between them at the time of his death.

2. Frederick S. Barrows was the same person as F. Clifford Romaine, also known as Frederick C. Romaine.

3. Frederick S. Barrows, under the name of Frederick C. Romaine, went through a form of marriage with the defendant, Margaret L. Romaine, on December 11, 1900, and thereafter they lived together in the relation of husband and wife until his death.

4. On April 1, 1907, The Land Security Company of Philadelphia, a corporation, granted and conveyed No. 5914 Master Street, Philadelphia, Pa., to F. Clifford Romaine and Margaret L. Romaine, the latter being designated in the deed as his wife, which deed was recorded in the Office for the Recording of Deeds of the City and County of Philadelphia on June 18, 1907, in Deed Book W. S. V., No. 878, page 200. The property is more particularly described in the bill and the answer.

5. Frederick S. Barrows, under the name of F. Clifford Romaine, died at Philadelphia on April 11, 1931, intestate.

6. Frederick S. Barrows left surviving him as his heirs at law his widow, Mary E. Barrows, and their two children, Frederick S. Barrows, Jr., and Caroline M. Lilley.

### Discussion

Although defendant and Frederick S. Barrows, under the name of Frederick C. Romaine, went through a form of marriage, he was legally married at the time to the plaintiff, and so she is his widow and not the defendant, thereby being entitled to share in his estate with their two children.

Defendant claims that as in the deed, by which she and the deceased acquired title to No. 5914 Master Street, she was designated as his wife, they were seized of the property as tenants by entireties with the right of survivorship, but, as they were not lawfully married, they became joint tenants with no such right. "An estate in entirety may be acquired only by a man and a woman who sustain to each other the legal relation of husband and wife at the time the conveyance or devise to them becomes effective:" 30 C. J. 562. Where the grantees "are not legally husband and wife, a description of them as such in the deed is ineffectual to create an estate by the entireties:" 30 C. J. 559. Thus, "where an estate is conveyed to a man and woman *who are not married,* and who afterwards intermarry; as they took originally by moieties, they will continue to hold by moieties after marriage:" Stuckey *v.* Keefe's Exec'rs, 26 Pa. 397, 403.

Defendant contends that plaintiff's remedy is by an action of ejectment and not by a bill for partition. This question should have been raised and disposed of before hearing upon the merits, but as the bill does not set forth that the property was conveyed to the deceased and to the defendant as "his wife," the

preliminary objections filed by defendant, in which this point was raised, were abandoned by the filing of an answer. However, it seems to me to be immaterial because the rights of the parties are fixed by law. An action in ejectment or to certify the bill to the law side of the court for further proceedings would not avail defendant anything because there are no disputed questions of fact, and under the applicable principles of law a verdict would have to be directed for the plaintiff. "Partition is made of lands of tenants in common when their possession is common; ejectment is the remedy when the possession of one is adverse to the other:" Bigley et al. v. Jones, Trustee, 114 Pa. 510, 519. In the present case, the possession of the property is not adverse but in common. Defendant is entitled to her one-half interest, and the one-half interest of the deceased belongs to the plaintiff and her two children. True, the defendant claims absolute legal title against plaintiff and her two children, but the basis of her title is the deed to her and the deceased, and as she was not his lawful wife, they became tenants in common and not tenants by entireties, as pointed out above. She has presented nothing to show that she had title to all of the property or adverse possession thereof. Her claim to hold it exclusive of plaintiff and her two children shows neither title to the whole nor possession in herself so as to justify the court to refuse to proceed in the partition: Wistar's Appeal, 115 Pa. 241, 246. Plaintiff does not claim that she and her children are entitled to all of the property, conceding that defendant is entitled to her one-half interest. Hence, there is no "element of controversy which ordinarily has no place in a proceeding for partition:" Leahey v. O'Connor, 281 Pa. 488, 495.

I have, therefore, come to the following

### Conclusions of law

1. Frederick S. Barrows and Mary E. Barrows were lawfully joined together in marriage on October 14, 1882, and this marriage was in existence at the time of his death on April 11, 1931.

2. Frederick S. Barrows left surviving him as his heirs at law Mary E. Barrows, his widow, Frederick S. Barrows, Jr., his son, and Caroline M. Lilley, his daughter, and no other heirs.

3. The form of marriage which Frederick S. Barrows, under the name of Frederick C. Romaine, went through with Margaret L. Romaine on December 11, 1900, was bigamous and void.

4. Frederick S. Barrows was the same person described as F. Clifford Romaine in the deed dated April 1, 1907, to property No. 5914 Master Street.

5. Frederick S. Barrows, described in said deed as F. Clifford Romaine, owned the property with Margaret L. Romaine as tenants in common from April 1, 1907, to the date of his death, with no right of survivorship.

6. Following his death, all his right, title and interest in his undivided one-half interest, share or part in the property vested as follows: One-third in Mary E. Barrows, his widow, one-third in Frederick S. Barrows, Jr., his son, and one-third in Caroline M. Lilley, his daughter.

7. The property is now vested as follows: An undivided one-half part in Margaret L. Romaine, an undivided one-sixth part in Mary E. Barrows, an undivided one-sixth part in Frederick S. Barrows, Jr., and an undivided one-sixth part in Caroline M. Lilley.

8. Partition of the property should be made.

### Decree nisi

And now, August 19, 1932, upon consideration of the foregoing case, it is ordered, adjudged and decreed that partition be made of all that certain lot or

piece of ground, known as No. 5914 Master Street, between and among the several parties, plaintiff and defendants, in accordance with their several and respective interests therein, which interests are adjudged to be as follows: Margaret L. Romaine, one-half, Mary E. Barrows, one-sixth, Frederick S. Barrows, Jr., one-sixth, and Caroline M. Lilley, one-sixth.

And it is further ordered and decreed that the case be referred to Charles M. Willits, Esq., as master, to divide and partition the lands and tenements into purparts and to value the same and to ascertain the amounts that shall be paid or charged thereon for owelty or which shall be paid or secured to the parties to whom no purparts can be allotted in the manner now authorized by law; and the master, after such partition and valuation has been made, or in case he shall find that the lands and tenements cannot be divided into purparts without prejudice to or spoiling the whole, and has placed a valuation thereon, shall issue a rule on all parties in interest to appear before him on a day certain to accept or refuse the said real estate at the valuation placed thereon by him, put in bids for the same or to show cause why the same should not be sold, and, on the return of said rule, shall award and allot the said lands or the said purparts to the acceptant or to the highest bidder, together with the sum to be charged thereon and payable as and for owelty of partition, and if the premises cannot be conveniently divided into as many purparts as there are parties entitled, to award and allot the amount or sum to be paid or secured to them respectively, and at the times when such payments shall be made, and the purparts out of which the same shall be payable.

### Opinion sur exceptions to adjudication

Exceptions to the adjudication were filed on behalf of Margaret L. Romaine, one of the defendants, and, having been argued before the court in banc, we are of the opinion that they should be dismissed.

Exceptions one to six are to findings of fact made by the trial judge, and as there is ample evidence to support them, we approve and adopt them.

Exception sixteen is to the failure of the trial judge to affirm defendant's request for a finding of fact having to do with plaintiff's knowledge of the marital relationship existing between the defendant and the deceased and her failure to disclose to defendant that she (the plaintiff) was his lawful wife. This does not appear to us to be material. The status of the parties is fixed by law.

The remaining exceptions are to conclusions of law of the trial judge, to the form of the decree nisi and to his failure to affirm defendant's requests for conclusions of law. We approve and adopt his conclusions and the form of decree to be entered. We also approve his refusal of defendant's requests.

Defendant contends that plaintiff must establish by ejectment her title to an undivided interest in the real estate described in the bill before partition can be decreed, but, as the trial judge stated in his discussion, "this question should have been raised and disposed of before hearing upon the merits, but as the bill does not set forth that the property was conveyed to the deceased and to the defendant as 'his wife,' the preliminary objections filed by defendant, in which this point was raised, were abandoned by the filing of an answer," in which no reference thereto was made. However, she would not have helped herself thereby unless she had had the question determined before trial. "It is now too late to raise the question of jurisdiction in equity:" Magen *v.* Neiman et al., 301 Pa. 164, 167. "The answer raises the question of an adequate legal remedy, but as defendants went to trial on the merits and took no steps to have that question decided in limine, as required by the Act of June 7, 1907, P. L. 440, the

objection as to equity jurisdiction was waived and could not be interposed during or after trial. In such case the defendant must not only raise the question of jurisdiction but insist upon its decision before trial: Tide Water Pipe Co. v. Bell, 280 Pa. 104; Norristown v. Reading T. & L. Co., 277 Pa. 459; Friedline v. Hoffman, 271 Pa. 530; Wright et al. v. Barber, 270 Pa. 186; Montgomery Bros. v. Montgomery, 269 Pa. 332; McConville v. Ingham, 268 Pa. 507. The question of jurisdiction depends on the averments in the bill and not upon the answer or testimony; the chancellor, however, may dismiss the bill for lack of sufficient evidence: Section 1, Act of June 7, 1907, supra. Where equity has jurisdiction of the subject matter, as it has in case of fraudulent conveyance, or to remove a cloud upon the title (Octoraro Water Co. v. Garrison, 271 Pa. 421; Smith v. McClure et al., 257 Pa. 168; Wagner v. Fehr, 211 Pa. 435; Orr v. Peters, 197 Pa. 606; Houseman v. Grossman et al., 177 Pa. 453), upon which side of the court the question shall be determined is not vital and unless a defendant, sued in equity, insists before trial that the case be certified to the law side of the court, the right of trial by jury is waived and the case is properly heard and determined as one in chancery. So far as appears, no statute similar to our Act of 1907, supra, exists either in Michigan or South Carolina, so that cases called to our attention from those states, to the effect that where the creditor seizes and sells land conveyed, as alleged in fraud of creditors, he must test the validity of such conveyance by ejectment rather than in equity, are not persuasive.

"Furthermore, to create a resulting trust in the wife of land standing in the name of the husband, as against his creditors, requires clear and satisfactory evidence, of which this record discloses none. . . . Hence, had the case been tried as one of ejectment, the trial judge would necessarily have given binding instructions for plaintiff (Onorato v. Carlini, 272 Pa. 489, 493; Gilchrist, Guardian, v. Brown et ux., 165 Pa. 275; Knecht v. Reichard, 60 Pa. Superior Ct. 273) ; and defendants lost nothing by the trial being in equity:" Bank of Pittsburgh v. Purcell et ux., 286 Pa. 114, 117, 118.

"It is further suggested that the question of title should have first been determined in an action at law before an equity court was asked to intervene. Where there is a substantial dispute as to relative rights of the parties, this principle will undoubtedly be invoked: Rhea v. Forsyth, 37 Pa. 503; Delaware R. Co. v. Newton Coal Mining Co., 137 Pa. 314; O'Neil v. McKeesport, 201 Pa. 386. But a contrary conclusion is reached when the record title is clear, and the conveyances show the extent of the privileges transferred: Miller v. Lynch, 149 Pa. 460. Certainly a defendant who challenges the jurisdiction of the equity court must explicitly raise this issue and have it decided in limine (Tide Water Pipe Co. v. Bell, 280 Pa. 104), and this was not done here:" Lauderbach-Zerby Co. v. Lewis, 283 Pa. 250, 255. "Had an action of ejectment been brought at law, what would have been the necessary outcome? Under the facts as established, the court would have been required to give binding instructions for plaintiff. Where, in a proceeding in equity, plaintiff's title is clear and all the evidence relating to it is of such a character that a judge in a trial at law, upon the same evidence, would not be at liberty to submit the question to the jury, equity will grant relief: Richmond v. Bennett, 205 Pa. 470; Wilson v. Cather, 214 Pa. 3, 7:" Onorato v. Carlini et al., 272 Pa. 489, 493. "It is not enough for the defendant to deny the plaintiff's right; his denial must be based upon facts which show a substantial dispute:" Miller v. Lynch et al., 149 Pa. 460, 464. There is no substantial dispute as to the relative rights of the parties in the present case; plaintiff's title is clear and all the evidence relating to it is such that if the case were tried in ejectment a verdict would have to be directed for plaintiff. This is

concisely pointed out by the trial judge, and what he said is approved and adopted by us.

Defendant contends that by this proceeding in equity she has been deprived of a trial by jury, but "by the Act of June 7, 1907, P. L. 440, a defendant, who challenges the jurisdiction in equity, must explicitly raise this issue by demurrer or answer and have it decided in limine before a trial on the merits. If he fails in either respect—and here he has done so in both, the request to have this question tried at law not having been made until the case came on for final hearing—'the right of trial by jury shall be deemed to have been waived by both parties:' Wright v. Barber, 270 Pa. 186; Norristown v. Reading Transit and Light Co., 277 Pa. 459:" Tide Water Pipe Co. v. Bell, 280 Pa. 104, 111. "One who challenges the jurisdiction in equity must not only raise this issue by demurrer or answer, but have it decided in limine before a trial on the merits. If he fails in either respect, 'the right of trial by jury shall be deemed to have been waived by both parties:' Tide Water Pipe Co. v. Bell, 280 Pa. 104; Lauderbach-Zerby Co. v. Lewis, 283 Pa. 250:" Weiss and Maen v. Greenberg, 101 Pa. Superior Ct. 24, 27. "The purpose and effect of this act is not merely to justify a court of equity in deciding a case wherein it has general jurisdiction of the subject matter, and the only question is as to its right to proceed in the particular instance; for this was the legal situation before the act was passed: Adams's Appeal, 113 Pa. 449; Shillito v. Shillito, 160 Pa. 167; Penna. R. R. Co. v. Bogert, 209 Pa. 589; Smith v. McClure, 257 Pa. 168, 171. Nor is there any valid objection because of the constitutional provision as to jury trials, for it is only the 'right' of trial by jury which is to remain inviolate (Bank of Columbia v. Okely, 4 Wheaton 235, 244; Capital Traction Co. v. Hof, 174 U. S. 1; New York & Penna. Co. v. N. Y. Cent. R. R. Co., 267 Pa. 64, 78), and this may be waived, either expressly or impliedly, by a failure to follow the method prescribed for determining that the parties desire it: Krugh v. Lycoming Fire Ins. Co., 77 Pa. 15; Anderson v. Carnegie Steel Co., 255 Pa. 33. Since the act is a remedial one, and, therefore, must be so construed as to 'suppress the mischief and advance the remedy,' 'if it can be done by reasonable construction in furtherance of the object' (Jones v. Beale, 217 Pa. 182; Rochester Trust Co. v. White, 243 Pa. 469), its meaning necessarily is that wherever the court would have had jurisdiction over the subject matter of the bill had it been begun by an action at law, and in that event the case could have been tried by 'the court without a jury upon agreement filed,' it shall proceed in equity (if no objection is made 'by demurrer or answer explicitly so stating,' or, if made, is waived by the parties not having it decided 'in limine before a hearing of the cause on the merits') exactly as if it was a proceeding on the law side of the court and was being tried 'without a jury upon agreement filed:' " Wright et al. v. Barber, 270 Pa. 186, 189, 190.

"Nor is there any doubt that though a question of title may be necessarily involved it is within the jurisdiction [of equity], for, where there is jurisdiction of the subject matter, that carries with it jurisdiction to decide every incidental question that is necessarily involved. If, upon a bill to account between tenants in common, a question arises as to the extent of the land comprised in the title, surely it must be competent for the court to determine it in order to make an end of the whole controversy:" Wilhelm's Appeal, 79 Pa. 120, 141; Penna. Co. v. Ohio River Junction R. R. Co., 204 Pa. 356, 367.

And now, November 3, 1932, the exceptions filed by the defendant Margaret L. Romaine to the adjudication are dismissed.

NOTE.—A final decree in the terms of the decree nisi was entered by the court on November 7, 1932.