Tirjon et ux. *v.* Matern, Appellant.

Argued November 22, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*William C. Alexander,* for appellant.

*John E. McDonough* and with him *R. Paul Lessy* and *M. S. Reps,* for appellee.

OPINION BY BALDRIGE, J., January 25, 1933:

This appeal is from an order of the court permanently restraining the defendant from interfering with the plaintiffs' use of an alley in the rear of their premises, known as 2510 West Fourth Street, in the City of Chester.

From the chancellor's findings, which were sustained by the court below, it appears that, in 1870, John M. Broomall owned and laid out a tract of land in lots and streets. This plot included land bounded on the south by Fourth Street, on the north by the alley in question, on the east by Ward Street, and on the west by Wilson Street; and embraces plaintiffs' lot. By a series of conveyances, J. Ellis Moore acquired title to that block, and, in 1902, built thereon ten two-story brick dwelling houses. Each of the lots had a rear fence, with a gate, extending along and practically parallel with, and 2 or 3 feet distant from, a highway, known as the Old Post Road. William R. Calligan acquired title to No. 2510 West Fourth Street, which he and his wife, in February, 1915, conveyed to the plaintiffs herein. This lot has a frontage of 18 feet on Fourth Street and extends northwardly 118 feet 6 inches, and, as described in the deed, is bounded on the north by land of George Wunderlich. The Old Post Road was laid out under a colonial grant, and, in 1872, that section of it in Chester, extending from Third and Fourth Streets to a point on Highland Street, about 60 feet north of Fourth Street, was vacated. It bisected streets and town lots, and eventually

became useless to the general public, as the new streets laid out and the old ones straightened adequately accommodated travellers. Fourth Street, however, was not accepted as a public highway until 1891, and the public continued the use of the Old Post Road until that time. Thereafter, its use was largely confined to people desiring ingress and egress to the rear of the properties in the block where plaintiffs' lot is located. The chancellor's location of the Old Post Road is somewhat uncertain, but he very definitely located an alley immediately in the rear of plaintiffs' lot, 20 feet in width, which had been in "actual, continuous, notorious, distinct, hostile and adverse possession for 21 years and upwards," without molestation until appellant's interference.

The appellant contends that this alley is part of the land he acquired, formerly owned by George Wunderlich, and that his southern boundary line is a distance of 118 feet 6 inches north of Fourth Street; that the Old Post Road, instead of being located immediately north of plaintiffs' lot, was 224.63 feet north of Fourth Street, which would be 106 feet beyond plaintiffs' northern boundary line.

Referring now to the plaintiffs' evidence relating to the location, character, and use of this alley, we find that George J. Hunter, director of the highway department of Chester, and a resident in that neighborhood, testified that he remembered when the row of houses on Fourth Street was built, which, as we have already stated, was in 1902. He located the rear fences as being 5 feet from the Old Post Road, which was "paved with stone and some were large stones and some were small ones—macadamized" for 15 or 20 feet in width. Jacob Schwartz testified that he knew of these houses for 25 years, and that they had fences in the rear, with gates; that he delivered beer 15 to 20 years before the hearing in this suit to these different houses as often as three or four times a week,

552

by driving up the alley; that he saw the baker, milkman and others using it. He fixed the alley as being within 2 or 3 feet from the fences. Edward Farmer also testified that he lived in that neighborhood and had known of this row of houses and the alley for 30 years. He used the alley in driving a wagon to deliver bottled goods to the houses in that block about 1900, and saw others making similar use of it. He located the fences as being within about a foot of the alley. There were a number of other witnesses who described the fences, gates, condition and width of the alley, and its use by people who had occasion to deliver merchandise, etc. True, this testimony was contradicted, but it cannot be said that there was insufficient evidence to support the findings of the court of the alley's location, or a continuous, adverse and notorious use of it.

The appellant denies that Broomall was a common source of title, or that the record discloses that he ever owned the land in dispute, as alleged by the plaintiffs and as found by the chancellor. But the chancellor, notwithstanding he so found, when he came to a discussion of the law, refused to accept the theory of common ownership, as he expressly stated, "This was not an easement created by a common owner." His ultimate finding is clearly based on an unbroken, adverse use for a sufficient time to acquire an easement: Pierce v. Cloud, 42 Pa. 102.

The appellant argues that, as the deed to the appellees does not call for an alley or the Old Post Road as its boundary, but for land of George Wunderlich, the alleged alley did not, in fact, exist. This argument is plausible, but it evidently failed to convince the chancellor, and the call in that deed is not conclusive. It is not necessary that the alley should have been recognized or mentioned in the deed; but, of course, it is essential that there was a palpable and permanent use thereof: Casey v. Canning, 43 Pa. Superior Ct. 31.

See also Kieffer v. Imhoff, 26 Pa. 438; Overdeer v. Updegraff, 69 Pa. 110; Grace Church v. Dobbins, 153 Pa. 294, 25 A. 1120; Held v. McBride, 3 Pa. Superior Ct. 155.

We have carefully examined this entire record and have reached the conclusion that there is sufficient competent evidence to support the finding of the lower court, and find no reversible error.

Decree of the court below is affirmed at the cost of appellant.