J-A15012-23

2023 PA Super 115

| | | |
|---|---|---|
| CAVALLO MINERAL PARTNERS, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EQT PRODUCTION COMPANY, GARY | : | No. 834 WDA 2022 |
| W. MCCHESNEY, AS TRUSTEE OF | : | |
| THE MCCHESNEY FAMILY | : | |
| REVOCABLE LIVING TRUST DATED | : | |
| FEBRUARY 12, 2013, VANTAGE | : | |
| ENERGY APPALACHIA, LLC, | : | |
| VANTAGE ENERGY APPALACHIA II, | : | |
| LLC, T & F EXPLORATION, LP AND | : | |
| THREE RIVERS ROYALTY, LLC. | : | |

Appeal from the Order Entered June 22, 2022
In the Court of Common Pleas of Greene County
Civil Division at A.D. No. 60, 2018

BEFORE:   MURRAY, J., McLAUGHLIN, J., and COLINS, J.*

OPINION BY MURRAY, J.:                    **FILED: JUNE 26, 2023**

Cavallo Mineral Partners, LLC (Appellant), appeals and petitions for permission to appeal, the trial court's order granting judgment on the pleadings (JOP) in favor EQT Production Company (EQT) and Rice Drilling B (Rice Drilling).[1]  The trial court entered JOP against Appellant, *with prejudice*,

---

* Retired Senior Judge assigned to the Superior Court.

[1] As stated *infra*, Vantage Energy Appalachia, LLC (VEA), and Vantage Energy Appalachia II, LLC (VEAII) merged with and into Rice Drilling.  The remaining defendants did not join the JOP motion filed by EQT and Rice Drilling.

as to Appellant's declaratory judgment action against EQT and Rice Drilling. The trial court entered JOP against Appellant, *without prejudice*, as to Appellant's actions against EQT and Rice Drilling for ejectment and *mense* profits, conversion, trespass and to quiet title. The trial court further denied, *without prejudice*, Appellant's motion for leave to file an amended complaint. We quash the appeal as interlocutory and deny Appellant permission to appeal.

On February 5, 2018, Appellant filed a complaint against EQT, Gary W. McChesney (McChesney), as Trustee of the McChesney Family Revocable Living Trust dated February 12, 2013 (the Trust), VEA, VEAII, T & F Exploration, LP (T&F), and Three Rivers Royalty, LLC (Three Rivers) (collectively, Defendants). Appellant filed an amended complaint on April 18, 2018. The trial court explained:

> The allegations in the complaint arise from a deed conveyance which took place on April 16, 1990 between Des Moine Field [(Field)], widower, Grantor[2] and [] McChesney and Judith Anne McChesney [(Ms. McChesney)], his wife, Grantees [(collectively, the McChesneys)]. This conveyance was [related] to approximately 200 acres in Washington Township, Greene County [(the Subject Property)]….

Trial Court Order, 6/22/22, at 2-3 (footnote added).

---

[2] Field, as Grantor, executed the 1990 deed conveying certain interests to the McChesneys, as Grantees.

In its Amended Complaint,[3] Appellant detailed the chain-of-title supporting its claim to oil and gas interests underlying the Subject Property. Appellant averred an April 15, 1977, deed (the 1977 Deed) conveyed the Subject Property to Field and his wife, Catherine V. Field (Ms. Field) (collectively, the Fields). Amended Complaint, 4/18/18, ¶ 12. The 1977 Deed conveyed oil and gas interests underlying the Subject Property to the Fields. *Id.* Ms. Field died on May 26, 1981, after which her interest in the Subject Property vested in Field. *Id.* ¶ 14.

On April 16, 1990, Field conveyed by deed (the 1990 Deed) certain interests in the Subject Property to the McChesneys. *Id.* ¶ 15. The 1990 Deed included the following clauses:

> EXCEPTING and reserving, all the Pittsburgh or River Vein of Coal, together with the necessary mining rights, in and underlying the aforesaid tract of land, as heretofore conveyed by Thomas J. Huffman. It is further understood and agreed that the above tract … is sold subject to the terms of the oil and gas leases now on the same, and is subject to all the conditions in said leases.
>
> AND the Grantor, for himself, his heirs and assigns, EXCEPTS AND RESERVES all coal and other minerals within and underlying the above-described tract of land … not heretofore excepted and reserved, or otherwise transferred by instruments of record, together with the exclusive right to DEEP MINE and otherwise to develop and work and process for market the same, and other

---

[3] When a trial court sustains judgment on the pleadings, our standard of review is to determine whether, **based on the facts the Appellant pled**, "the law makes recovery impossible." *Rice v. Diocese of Altoona-Johnstown*, 255 A.3d 237, 244 (Pa. 2021) (citation omitted). We regard as true all well-pleaded allegations in Appellant's amended complaint, as the non-moving party, and consider only the factual allegations in the pleadings of EQT and Rice Drilling which Appellant has admitted. *See id.*

coal now owned or leased or hereinafter acquired by Grantor, his heirs or assigns….

The rights, easements, licenses, waivers and privileges herein excepted and reserved are in enlargement of and not in restriction of the rights incidental to the ownership of coal and other minerals and the same shall not terminate by reason of the completion of mining in and on the within described coal and mineral property.

Grantor shall give written notice to Grantees before conducting mining operations upon the Property, which notice shall be delivered to Grantees, at least six (6) months prior to commencement of such mining operations.

**ALSO EXCEPTING AND RESERVING, for the benefit of <u>Grantees</u>, his heirs and assigns, all oil and gas not previously accepted, reserved or conveyed, together with the right to mine and operate for the same**.

Amended Complaint, Exhibit 2 (1990 Deed), at 2-4 (emphasis added).

Field died testate on February 22, 1993. *Id.* ¶ 18. His will was admitted to probate in Allegheny County. Probate Volume 994, page 124. Field's six beneficiaries (the Field Heirs) were Oliver Field; Roy Field; Virginia Johnson; Netty Lumly; Nola Craig; and Donald and Diane Cecchett, or their respective survivors. *See id.*

Appellant averred that at the time of Field's death, Field owned all the oil and gas underlying the Subject Property. Amended Complaint, ¶ 23. Therefore, Appellant claims all oil and gas interests in the Subject Property passed equally in 1/6 shares to the Field Heirs. *Id.* Appellant averred it acquired its oil and gas interests in the Subject Property through the Field Heirs. *Id.* ¶ 24.

- 4 -

The Amended Complaint describes oil and gas activities on the Subject Property, all of which were recorded in Greene County. For example:

> On February 28, 2003, the McChesneys executed an oil and gas lease with T&F (the 2003 Lease). The 2003 Lease was recorded in Greene County.
>
> On August 29, 2007, the McChesneys executed an "Extension of Lease with T&F. T&F drilled and operated a shallow oil and gas well (McChesney No. 1 Well) on the Subject Property's surface. The extension was recorded in Greene County.
>
> On February 20, 2009, T&F partially assigned its interests in the 2003 Lease … , which was recorded in Greene County.
>
> Also on February 20, 2009, the assignee to T&F's interests assigned all of its interest in the 2003 Lease (and other leases) to Range Resources Appalachia, which also was recorded in Greene County.
>
> On September 28, 2012, Range Resources-Appalachia assigned its interest in the 2013 Lease (and other leases) to Vantage for five years and as long as operations are conducted on the properties.
>
> On October 26, 2012, T&F assigned ownership of the McChesney No. 1 Well to the McChesneys, as it no longer was producing.
>
> On January 2, 2013, EQT executed two oil and gas leases with the McChesneys with regard to the Subject Property: One lease affected 50 acres, the other affected 150 acres. These leases were recorded in Greene County.
>
> On February 12, 2013, the McChesneys entered into two partial assignments of royalty interest with T&F. The McChesneys granted T&F a 2.25% interest in all royalties produced from the Subject Property. These assignments were recorded in Greene County.
>
> On February 12, 2013, the McChesneys conveyed all oil and gas interests underlying the Subject Property to McChesney, as Trustee of the Trust. Ms. McChesney died on November 29, 2016.

On May 14, 2013, VEA recorded a Second Amended Declaration and Notice of Pooled Unit, which it recorded in the Recorder's office of Greene County, Pennsylvania. This Declaration indicated that the size of VEAII's drilling unit was almost 736 acres, of which 162.99 were from the Subject Property.

On February 27, 2015, with an effective date of December 20, 2011, VEA and VEAII executed a Third Amended Declaration and Notice of Pooled Unit, which it recorded in Greene County.

On November 18, 2015, EQT executed a Declaration – Notice of Allocation of Area, which it recorded in Greene County. EQT indicated the size of that particular drilling unit as 640 acres, of which 29.04 were from the Subject Property.

*See* Amended Complaint, ¶¶ 27-60. The amended complaint listed additional notices and declarations involving the Subject Property, all of which were recorded in Greene County. *See id.* ¶¶ 61-70. Appellant confirmed that "numerous horizontal wells [] were drilled and [] operated by EQT[,]" which required EQT to "physically enter the subsurface boundaries of the Subject Property." *Id.* ¶ 71. According to the Amended Complaint, Defendants were removing, producing, and comingling oil and gas from the Subject Property. *Id.* ¶¶ 72-78.

Appellant's amended complaint asserted the following actions against Defendants: (I) Quiet Title (against all Defendants); (II) Declaratory Judgment (against all Defendants); (III) Trespass (against EQT); (IV) Trespass (against VEA and VEAII); (V) Conversion (against all Defendants); and (VI) Ejectment and Mesne Profits (against all Defendants).

During the spring of 2018, certain defendants filed preliminary objections to Appellant's amended complaint, which the trial court denied in

part. *See* Trial Court Order, 9/7/20. Thereafter, each of the Defendants filed answers and new matters.[4] Appellant filed replies to the Defendants' respective new matters.

On October 4, 2021, EQT and Rice Drilling filed the JOP motion underlying this appeal. They alleged: (a) Appellant's declaratory judgment action is barred by the statute of limitations; (b) Appellant's quiet title and declaratory judgment actions are barred because equitable reformation of a deed is unavailable as a remedy in quiet title and declaratory judgment actions; and (c) Appellant's actions for trespass, conversion and unjust enrichment should be dismissed, as they are derivative of Appellant's declaratory judgment and quiet title actions. Motion for JOP, 10/4/21, at 7, 9-10. **No other defendant joined the motion or filed a separate JOP motion.**

Appellant responded on November 5, 2021. Appellant and EQT and Rice Drilling subsequently filed briefs supporting their respective positions. On January 6, 2022, Appellant filed a motion for leave to file a second amended complaint. Appellant sought leave to join the Field Heirs "whose undivided interests in the oil and gas underlying the Subject Property had not been purchased by [Appellant]," and "[t]o include additional averments related to

_____

[4] Rice Drilling filed an answer and new matter indicating VEA and VEAII had merged with Rice Drilling. Rice Drilling Answer and New Matter, ¶¶ 5-6.

EQT's inconsistent deed interpretation regarding other oil and gas interests in Greene County." Motion for Leave to Amend, 1/6/22, ¶ 13.

On June 22, 2022, the trial court entered the JOP order at issue, which provided:

1. The Court finds as a matter of law, the pleadings closed [in] September 2020.

2. [EQT and Rice Drilling's] Motion for Judgment on the Pleadings that the [Appellant's] declaratory judgment is barred by the statute of limitations is granted. [Appellant's] Declaratory Judgment action is dismissed **with prejudice**.

3. [EQT and Rice Drilling's] Motion for Judgment on the Pleadings that [Appellant's] Quiet Title Action Be Dismissed is granted. The [Appellant's] quiet title action is dismissed **without prejudice**.

4. [EQT and Rice Drilling's] Motion for Judgment on the Pleadings Regarding [Appellant's] Claim for Conversion, Trespass and Ejectment is granted. [Appellant's] claims for conversion, trespass and ejectments are dismissed **without prejudice**.

5. [Appellant's] Motion for Leave to File Second Amended Complaint is denied **without prejudice**.

Trial Court Order (JOP), 6/22/22 (emphasis added).

On July 5, 2022, Appellant filed a motion to certify the trial court's JOP order for immediate appeal. Motion to Certify, 7/5/22. Because the trial court took no action, the motion was denied by operation of law. On July 20, 2022, Appellant filed a notice of appeal at 834 WDA 2022. On September 2, 2022, Appellant filed a petition for permission to appeal at 57 WDM 2022. Consideration of Appellant's petition for permission was deferred for merit

panel consideration of Appellant's appeal at 834 WDA 2022. Appellant and the trial court complied with Pa.R.A.P. 1925.

On September 8, 2022, this Court issued a rule to show cause why the appeal should not be quashed as interlocutory. Appellant responded, and on December 7, 2022, this Court discharged the rule in a nonbinding order which permitted this panel to revisit the jurisdictional issue.

On December 16, 2022, EQT and Rice Drilling filed a joint motion to quash the appeal.[5] Appellant filed an answer to the motion to quash.[6]

We first address Appellant's notice of appeal. **See Stahl v. Redcay**, 897 A.2d 478, 485 (Pa. Super. 2006) (the "appealability of an order goes directly to the jurisdiction of the Court asked to review the order." (citation omitted)).

> [A]n appeal may be taken from: (1) a final order or an order
> certified as a final order (Pa.R.A.P. 341); (2) an interlocutory order

---

[5] McChesney, who had not participated in the JOP motion, filed a motion to quash the appeal on December 20, 2022. T&F, which did not participate in the JOP motion, filed correspondence indicating it joined the motion filed by EQT and Rice Drilling. **See** Correspondence (T&F), 12/21/22.

[6] The trial court granted judgment on the pleadings against Appellant as to its declaratory judgment action, concluding declaratory judgment is barred by the statute of limitations. Trial Court Opinion, 6/22/22, at 8. In its Petition for Permission, Appellant did not seek review of this determination. Notably, "an order in a declaratory judgment action, which merely dismisses one or some of several alternative theories for relief without ultimately deciding the case, is not appealable under Rule 341." **United States Orgs. for Bankr. Alts., Inc. v. Dep't of Banking**, 26 A.3d 474, 478 (Pa. 2011) (citing **Pa. Bankers Ass'n v. Pa. Dep't of Banking**, 948 A.2d 790, 798 (Pa. 2008)).

as of right (Pa.R.A.P. 311); (3) an interlocutory order by permission (Pa.R.A.P. 312, 1311, 42 Pa.C.S.A. § 702(b)); or (4) a collateral order (Pa.R.A.P. 313).

*Id.*; *accord Z.P. v. K.P.*, 269 A.3d 578, 586 (Pa. Super. 2022).

Under our Rules of Appellate Procedure:

When more than one claim for relief is presented in an action, … or when multiple parties are involved, the trial court … may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case.  Such an order becomes appealable when entered.  **In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order.  In addition, the following conditions shall apply:**

(1)     An application for a determination of finality under paragraph (c) must be filed within 30 days of entry of the order.  During the time an application for a determination of finality is pending, the action is stayed.

(2)     Unless the trial court … acts on the application within 30 days after it is filed, the trial court or other government unit shall no longer consider the application and it shall be deemed denied.

(3)     A notice of appeal may be filed within 30 days after entry of an order as amended unless a shorter time period is provided in Pa.R.A.P. 903(c).  **Any denial of such an application is reviewable only through a petition for permission to appeal under Pa.R.A.P. 1311.**

Pa.R.A.P. 341(c) (emphasis added).  The note to Rule 341 explains:

Where the … trial court refuses to amend its order to include the express determination that an immediate appeal would facilitate resolution of the entire case and refuses to enter a final order, **a petition for permission to appeal under Pa.R.A.P. 1311 of the unappealable order of denial is the exclusive mode of review.**

- 10 -

Pa.R.A.P. 341, note (emphasis added).

The trial court's June 22, 2022, order did not dispose of all claims of all parties, and the court entered no express determination of finality. **See** Pa.R.A.P. 341(c). In entering JOP against Appellant as to its quiet title action, the trial court explained:

> It thus appears [EQT and Rice Drilling] are correct, [Appellant] must seek reformation of the deed and … this cannot be accomplished by a quiet title action alone. The Court will therefore dismiss the quiet title action **without prejudice**.

Trial Court Opinion, 6/22/22, at 10 (emphasis added). As the remaining actions were predicated on the quiet title action, the trial court entered JOP **without prejudice** as to those causes of action as well. The trial court further confirmed it "remains open for amended pleadings by either party, that will advance the case[.]" Trial Court Opinion, 6/22/22, at 13. Importantly, only Rice Drilling and EQT filed a motion for JOP. The remaining defendants did not join the motion. Under these circumstances, the trial court's JOP order, which failed to dispose of all claims of all parties, is not a final order under Pa.R.A.P. 341(c).[7]

---

[7] Appellant does not argue the June 22, 2022, order is appealable under the collateral order doctrine. **See** Pa.R.A.P. 313 (defining a "collateral order" and recognizing this Court may exercise jurisdiction over an appeal of a collateral order). In its Motion to Certify, Appellant recognized the JOP order

> is an interlocutory order. Although the June 21 Order did not grant leave to amend, the Memorandum stated that [Appellant] could pursue further amendment of the pleadings and was not "out of

*(Footnote Continued Next Page)*

Since the JOP order is not a final order under Pa.R.A.P. 341, we turn to whether permissive interlocutory appeal under 42 Pa.C.S.A. § 702(b) is appropriate. Section 702(b) states:

> **(b) INTERLOCUTORY APPEALS BY PERMISSION.--**When a court or other government unit, in making an interlocutory order in a matter in which its final order would be within the jurisdiction of an appellate court, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter, it shall so state in such order. The appellate court may thereupon, in its discretion, permit an appeal to be taken from such interlocutory order.

*Id.* Rule of Appellate Procedure 1311 provides that an appeal may be taken by permission from an interlocutory order for which the trial court has denied certification pursuant to 42 Pa.C.S.A. § 702(b) or Pa.R.A.P. 341(c). Pa.R.A.P. 1311(a)(1)-(2). Permission to appeal must be filed within 30 days after entry of the order denying certification or the date of deemed denial. Pa.R.A.P. 341(b).

The trial court filed its JOP order on June 22, 2022. Appellant filed its motion to certify on July 5, 2022. *See* Pa.R.A.P. 341(c)(1). Appellant's certification motion was deemed denied 30 days later, on August 4, 2022. *See* Pa.R.A.P. 341(c)(2). Appellant timely filed its petition on September 2,

---

court" such that [Appellant] does not interpret the June 21, 2022 Order as dismissing all claims and all parties as required under Pa.R.A.P. 341(b)(1).

Motion to Certify, ¶ 7 (citation and footnote omitted).

2022, which the Superior Court docketed at 57 WDM 2022. The petition was referred to this panel for disposition.

In seeking permission to appeal, Pa.R.A.P. 1312 requires a petitioner to show: (1) "[W]hy the order involves a controlling question of law as to which there is a substantial ground for difference of opinion"; (2) "that an appeal from the order may materially advance the ultimate termination of the matter"; and (3) "why the refusal of certification was an abuse of the trial court's … discretion that is so egregious as to justify prerogative appellate correction[.]"[8] Pa.R.A.P. 1312(a)(5)(ii).

Appellant first claims the trial court's order involves a controlling question of law dictating all questions of liability, and informing the existence of the damages inquiry:

- If [Appellant] is right and the 1990 Deed's Oil and Gas Provision excepted and reserved the Subject Property's oil and gas in [] Field, then Appellant has oil and gas interests in the Subject Property that are being clouded by [EQT and Rice Drilling (Respondents),] and [Appellant] is being damaged by [Respondents'] extraction and sale of oil and gas from the Subject Property because the entire basis of the [Respondents'] oil and gas development is premised on purported lease rights granted by the McChesneys, who were the grantees in the 1990 Deed and would have no oil and gas interests if the Subject Property's oil and gas was excepted and reserved in the 1990 Deed.

- If [Appellant] is wrong and the 1990 Deed did not except and reserve the Subject Property's oil and gas, then Mr. Field did

_____

[8] An abuse of discretion "occurs only where the trial court renders a judgment that is (1) manifestly unreasonable, arbitrary, or capricious; or (2) fails to apply the law; or (3) was motivated by partiality, prejudice, bias, or ill will." **Page Publ'g v. Hemmerich**, 287 A.3d 948, 954 (Pa. Super. 2022).

- 13 -

not retain those oil and gas rights and [Appellant] never acquired them, meaning that [Appellant] had no interests in any of the Subject Property's oil and gas.

Petition for Permission at 19.

Appellant asserts the trial court misapprehended the Commonwealth Court's holding in *County of Allegheny v. County of Allegheny* (*Allegheny*), 719 A.2d 1 (Pa. Cmwlth. 1998).[9] Petition for Permission at 21. According to Appellant, the Commonwealth Court

> concluded that the presence of the exception and reservation provision signified the grantor's intent that the oil, gas and minerals would not pass to the grantee. That gives effect to the fundamental nature of an exception and reservation, which withholds property interest from the conveyance to the grantee.

*Id.* at 21. Appellant describes the substantive issue presented to the trial court as whether the language of the 1990 Deed conveyed oil and gas interests to EQT and Rice Drilling (Respondents), or whether interests remained vested in Field. *See id.* at 22-27. According to Appellant, *Allegheny*

> stands for the proposition that identification of property interests in an exception and reservation provision signifies an intent that those interests are excepted and reserved; meaning that they are not conveyed to the grantee….

*Id.* at 22. Appellant maintains the trial court's interpretation

> failed to give any effect to the presence of the words "excepting and reserving" in the 1990 Deed's oil and gas provision and

---

[9] "Although decisions of the Commonwealth Court are not binding on this Court, they may provide persuasive authority." *Barrett v. M&B Med. Billing*, 291 A.3d 371, 376 n.4 (Pa. Super. 2022).

errantly looked within that exception and reservation provision to discern a purported intent to convey the oil and gas."

*Id.* at 27.

Respondents counter that Appellant

[t]akes the inconsistent positions that the exception and reservation clause at issue in the 1990 Deed contains a scrivener's error, while contemporaneously asserting that the parties' intent can be discerned **notwithstanding this alleged error**. That is not the case. To rectify a scrivener's error, the writing must be reformed based on a showing of evidence of the parties' intent— which is exactly what the Trial Court's [JOP] Order anticipated would happen here. But rather than amending its action to seek reformation of the 1990 Deed, in accordance with the Interlocutory Order, Petitioner instead seeks to skip over that part entirely (likely because the evidence that would be adduced suggests that the McChesneys are the proper owners of the oil and gas rights). As things stand, the only thing the Petition will accomplish is piecemeal appellate review.

Answer to Petition for Permission at 5-6 (emphasis added). According to Respondents, Appellant asks this Court to interpret the 1990 Deed's alleged "scrivener's error" as a matter of law, or to reform the 1990 Deed. *Id.* at 6. Respondents argue Appellant's claim of a scrivener's error "cannot coexist with [Appellant's] claim that the plain language of the deed reflects the intent of the parties." *Id.* at 7.

Appellant's "controlling question of law" requires interpretation of the 1990 Deed. When interpreting deeds, "the court's primary object must be to ascertain and effectuate what the parties intended." *Murphy v. Steve Karnek*, 160 A.3d 850, 858-59 (Pa. Super. 2017) (citations and quotation

marks omitted). Although Appellant relies on *Allegheny* to support its claim, its reliance is misplaced.

In *Allegheny*, Cosgrove-Meehan Coal Company of Pennsylvania sought to convey certain property to James Morrow, Jr., through a 1942 deed. *Id.* at 4. The deed included the following language:

> EXCEPTING AND RESERVING to the **Cosgrove-Meehan Coal Corporation**, its successors and assigns, all the coal, gas, oil, limestone and other minerals and the right of said Cosgrove-Meehan Coal Corporation, its successors and assigns, to enter upon said premises or any part thereof for the purpose of mining, drilling and carrying away said coal, gas, oil, limestone and other minerals, and to perform all acts incident and appertaining thereto.

*Id.* (emphasis added). However, the Cosgorove-Meehan Coal *Corporation* "was a Delaware corporation and a separate legal entity from the Cosgrove-Meehan Coal Company of Pennsylvania[,]" and not a party to the 1942 deed. *Id.* The Commonwealth Court ruled the 1942 deed could not convey interests to a nonparty:

> In this case, the language is not ambiguous. **It is clear what the parties intended by their words.** The intent was that James Morrow, Jr.[,] not receive the right to mine coal. **It is not that the language of the deed is ambiguous, just that there is a legal rule against attempting to accomplish by the language herein utilized what the parties wanted to accomplish, namely, reserve/except an interest in a nonparty to the deed.** Thus, the rule of construing a deed most favorably to the grantee simply does not have application here insofar as that rule applies only where the language is ambiguous. To construe the language of the deed as the County contends would be to frustrate the intent of the parties to the deed. This we cannot do.

- 16 -

*Id.* (emphasis added). Here, by contrast, the 1990 Deed did not convey interests to a nonparty. The proposed controlling question of law cannot be resolved simply by adherence to *Allegheny*.

> In its "Appellant's Brief," Appellant argues:

> "Grantees" is obviously a scrivener's typographical error because it is incompatible with the controlling "excepting and reserving" language.

Appellant's Brief at 54-55. We recognize "mistake of a scrivener in preparing a deed … may be established by parol evidence and the instrument reformed accordingly." *In re Mihordin*, 162 A.3d 1166, 1172 (Pa. Super. 2017) (citation omitted). Whether the mistake be unilateral or bilateral, "the proof of the mistake must be established by evidence that is clear, precise, convincing, and of the most satisfactory character." *Id.* Such determination must be made by the trial court. Based on the record before us, it cannot be made as a matter of law at this stage of the proceedings.

While Appellant claims immediate appeal is necessary to resolve this controlling question of law, it ignores the fact that relief remains available to Appellant, *i.e.*, interpretation of the 1990 Deed in light of the alleged scrivener's error. Indeed, at this juncture, we cannot determine whether the trial court will deem the 1990 Deed's provision a "scrivener's error" justifying reformation of the deed. Thus, this appeal is premature and would result in "piecemeal determinations." *See Fried v. Fried*, 501 A.2d 211, 215 (Pa.

1985) (stating that the law "abhors piecemeal determinations and the consequent protraction of litigation").

Further, immediate appeal will not materially advance the ultimate termination of this matter. Appellant argues:

> If the Subject Order is affirmed, then that has the effect of ending this case, subject to an appeal to the Pennsylvania Supreme Court. [Appellant] is unaware of any facts beyond the content of the 1990 Deed to evidence the parties' intent that could be the basis for a reformation claim that [Appellant] could attempt to pursue.

Petition for Permission at 8-9. However, the trial court expressly entered judgment on the pleadings **without prejudice**. Trial Court Order, 6/22/22, at 10. Again, the trial court's order did not foreclose the grant of relief to Appellant.

Upon careful review, we discern no abuse of discretion by the trial court in declining to certify its JOP order for immediate appeal. This outcome comports with Pennsylvania courts' longstanding and well-documented policy against piecemeal litigation. *See Pa. Bankers Ass'n*, 948 A.2d at 798 (recognizing Supreme Court's "well-documented efforts of avoiding piecemeal litigation.").

Appeal quashed. Petition for permission to appeal denied.

J-A15012-23

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/26/2023