J-A27038-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| DANIEL FASSERO, M.D. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EYE CENTER OF CENTRAL | : | |
| PENNSYLVANIA, LLP AND SCOTT | : | |
| HARTZELL, M.D. | : | No. 1708 MDA 2022 |
| | : | |
| | : | |
| THE EYE CENTER OF CENTRAL | : | |
| PENNSYLVANIA, LLP AND SCOTT | : | |
| HARZELL, M.D. | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIEL FASSERO, M.D. AND | : | |
| CENTRAL VISION EYECARE, LLC | : | |
| | : | |

APPEAL OF: DANIEL FASSERO, M.D.
& CENTRAL VISION EYECARE, LLC.

Appeal from the Order Entered November 9, 2022
In the Court of Common Pleas of Northumberland County Civil Division at
No(s):  CV-2018-489,
CV-2019-599

BEFORE:   LAZARUS, J., NICHOLS, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY STEVENS, P.J.E.:          **FILED: FEBRUARY 14, 2024**

Appellants, Daniel Fassero, M.D. and Central Vision Eyecare, LLC, appeal

from the November 9, 2022 order entered in the Court of Common Pleas of

---

[*] Former Justice specially assigned to the Superior Court.

Northumberland County, which granted partial summary judgment in favor of Appellees, Eye Center of Central Pennsylvania and Scott Hartzell, M.D., in these consolidated actions involving the alleged breach of the parties' partnership agreement. After a careful review, we quash this appeal.

By way of background, the trial court's November 9, 2022 order granted partial summary judgment in favor of Appellees with regard to Count I of the complaint, which sought damages for misappropriation of trade secrets based on allegations that Appellant Dr. Fassero stole superbills before leaving the partnership, and left the issue of damages for trial. Trial court order, 11/9/22 at ¶ 1. With regard to Count V, which requested a declaratory judgment against Dr. Fassero, the order further declared that he has materially breached his duty under the partnership agreement by misappropriating the Eye Center's superbills and patient data. *Id.* at ¶ 2. The November 9, 2022 order denied summary judgment in all other respects, "with the remaining factual determinations for the jury, including the materiality of the breaches of contract of either party and the amount of the 'buy out.'" *Id.* at ¶ 3.

On appeal, Appellants raise a litany of claims for our review. *See* Appellants' brief at 9-16. Before we may address the merits of these claims, however, we must first determine whether we have jurisdiction to entertain this appeal. A court's jurisdiction is a threshold issue that the court may consider at any time. *See McCutcheon v. Philadelphia Elec. Co.*, 788 A.2d 345, 349 (Pa. 2002). Accordingly, we must determine whether the trial court's

- 2 -

November 9, 2022 order is appealable since "the appealability of an order directly implicates the jurisdiction of the court asked to review the order." *Knopick v. Boyle*, 189 A.3d 432, 436 (Pa.Super. 2018) (internal citation omitted).

Pennsylvania law makes clear that:

> [A]n appeal may be taken from: (1) a final order or an order certified as a final order (Pa.R.A.P. 341); (2) an interlocutory order as of right (Pa.R.A.P. 311); (3) an interlocutory order by permission (Pa.R.A.P. 312, 1311, 42 Pa.C.S.A. § 702(b)); or (4) a collateral order (Pa.R.A.P. 313).

*Cavallo Min. Partners, LLC v. EQT Prod. Co*., 298 A.3d 413, 419 (Pa.Super. 2023) (citations omitted).

A "final order" is defined by Pennsylvania Rule of Appellate Procedure 341 as one that disposes of all the parties and all the claims, is expressly defined as a final order by statute, or is entered as a final order pursuant to the trial court's determination under Rule 341(c). *See* Pa.R.A.P. 341(b).

"As a general rule, an order dismissing some but not all counts of a multi-count complaint is interlocutory and not appealable. In adhering to this policy, the courts have sought to avoid piecemeal litigation. This court has held that an appeal will not lie from an order granting partial summary judgment." *Bolmgren v. State Farm*, 758 A.2d 689, 690–691 (Pa.Super. 2000) (citations omitted); *see also Moore Motors, Inc. v. Beaudry*, 775 A.2d 869, 870 (Pa.Super. 2001) (*per curiam*) (quashing appeal from order

granting Appellees' motion for partial summary judgment as interlocutory and unappealable).

Under these circumstances, and in light of our well-established policy of avoiding piecemeal litigation, we find that this appeal is from an interlocutory order, as it did not dispose of all of the issues in this matter.[1] These issues presumably include the materiality of the breaches of contract of either party and the amount of the "buy-out." Accordingly, we lack jurisdiction to decide the merits of Appellants' claims at this time, and thus, quash the appeal.

Appeal quashed. Jurisdiction relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/14/2024

---

[1] We note that the trial court's November 9, 2022 order also does not satisfy the strict requirements of an appealable collateral order pursuant to Pa.R.A.P. 313(b).