J-A05009-25

2025 PA Super 50

SKYRISER DEVELOPMENT, INC.    :  IN THE SUPERIOR COURT OF
                                      :           PENNSYLVANIA
                                        :
            v.                         :
                                        :
SAVE WELL FOODS, LLC          :
                                        :
          Appellant         :   No. 747 WDA 2024

Appeal from the Order Entered May 24, 2024
In the Court of Common Pleas of Fayette County Civil Division at No(s):
2549 of 2023, G.D.

BEFORE:  MURRAY, J., KING, J., and FORD ELLIOTT, P.J.E. [*]

OPINION BY MURRAY, J.:                   **FILED: March 3, 2025**

Save Well Foods, LLC (Appellant), appeals from the order denying in part, and granting in part, its motion for reconsideration of the trial court's May 24, 2024, order denying Appellant's petition to strike or open the judgment confessed against it, and in favor of Skyriser Development, Inc. (Skyriser). We quash the appeal as interlocutory.

In November 2022, Appellant entered into a five-year commercial lease agreement (Lease) with Skyriser, the lessor. *See* Complaint, 12/27/23, Exhibit A (Lease). The Lease included a provision permitting "any attorney of

_____

[*] Retired Senior Judge assigned to the Superior Court.

any court of record of the Commonwealth of Pennsylvania" to confess judgment on behalf of Appellant:

> Should [Appellant] default in the payment of rent or any other sum required to be paid by [Appellant] under the provisions hereof for ten (10) days after written notice of default, or should [Appellant] fail to deliver possession of the demised premises [(the property)] at the expiration of the [Lease] term in accordance with the provisions, hereof, or should this Lease be terminated pursuant to the Provisions Paragraph 6 [(detailing default)], hereof, [**Appellant**] **does hereby empower any attorney of any court of record of the Commonwealth of Pennsylvania to appear for** [**Appellant**]**, and with or without declaration filed, confess judgement against** [**Appellant**] **in factor** [*sic*] **of** [**Skyriser**], their heirs, devises, executors, administrators or assigns, as of any term, **for such sum or sums as may be due under the provisions of this Lease, with costs of suit and attorney's commission of fifteen percent (15%)** for collection and forthwith issue [a] writ or writs of execution thereon, with releases of all errors, and without stay of execution, and inquisition and extension upon any levy on real estate is hereby waived expressly, and condemnation agreed to, and exemption law now in force or which may be passed hereafter is also expressly waived to [Appellant].

*Id.*, ¶ 9 (emphasis added).[1]

---

[1] At some time thereafter, Skyriser filed an action in the magisterial district court. On December 5, 2023, the magisterial district court entered judgment in favor of Skyriser in the amount of $12,000.00 for unpaid rent, and granted Skyriser possession of the property. *See* Petition to Strike or Open Confession of Judgment, 3/8/24, Exhibit 1 (magistrate docket). Appellant asserts it filed an appeal from the magisterial district court's judgment, and the appeal remained pending at the time Skyriser filed its complaint in the instant case. However, that appeal is not part of the record before this Court, nor is it relevant to the instant action.

On December 27, 2023, Skyriser filed a complaint in confession of judgment, seeking monetary damages and ejectment of Appellant from the property. Skyriser alleged Appellant breached the Lease because Appellant:

A) Failed to pay rent in the amount of Eight Thousand Dollars ($8,000.00) per month since October 1, 2023; The term of the Lease Agreement is thirty (30) years.[2] To date, [Appellant] is delinquent for four (4) months of rent and is liable to post Eight Thousand Dollars ($8,000.00) per month with the Fayette County Prothonotary.

B) Failed to pay school taxes in the amount of Eight Thousand Four Hundred Ninety-Nine and 39/100 Dollars ($8,499.39) …, and

C) Failed to maintain the [property] and the equipment therein because the compressor failed during the lease term and the cost to repair the compressor and to recharge the system with Freon is Fifty Two Thousand Nine Hundred Fifty and 00/100 Dollars ($52,950.00). …

Complaint, 12/27/23, Exhibit 1, ¶ 5 (footnote added). Skyriser averred it provided Appellant with oral and written notice to vacate the property. *Id.*, ¶ 7; *see also* Complaint, 12/27/23, Exhibit D (Notice to Quit). Additionally, Skyriser included a warrant of attorney confessing judgment in favor of Skyriser in the amount of $97,811.00.[3] On the same date Skyriser filed its complaint, the Prothonotary entered judgment against Appellant.

---

[2] While Skyriser's complaint describes a 30-year lease term, we observe that paragraph 1 of the Lease dictates a five-year term, "commencing November 1, 2022[,] and expiring on October 31, 2027…." Complaint, 12/27/23, Exhibit 1, ¶ 1.

[3] The total reflects $32,000.00 for past-due rent, 6% interest per annum from the date of judgment, $118.50 for the costs of suit, $12,742.50 for attorneys' fees, and $52,950.00 for repairs to the compressor and Freon.

- 3 -

On January 26, 2024, Skyriser filed a praecipe for writ of possession. On January 30, 2024, Skyriser filed a praecipe to reissue the writ of possession, as well as a praecipe for writ of execution.

On March 8, 2024, Appellant filed a petition to strike off or open the confessed judgment. Appellant asserted it did not voluntarily, intelligently, and knowingly forfeit its right to notice and a hearing prior to entry of the confessed judgment. **See** Petition to Strike or Open, 3/8/24, ¶¶ 3, 26. Appellant alleged its prior counsel, who was representing Appellant at that time, never received notice of the confession of judgment action. **Id.**, ¶ 9; **see also id.**, ¶¶ 12-13 (arguing the complaint was served on one of Appellant's employees rather than counsel); **id.**, ¶ 21 (alleging Appellant did not learn about the confessed judgment until its ejectment on January 31, 2024).

Additionally, Appellant claimed the confessed judgment should be stricken because it fails to comply with Pa.R.C.P. 2973.3 and 2974.4. **See id.**, ¶¶ 15-17. Appellant averred it had a meritorious defense, *i.e.*, that the confession of judgment provision in the Lease was not clear and conspicuous. **See id.**, ¶¶ 30-36. Appellant also asserted its rent payments were current, and the $52,950.00 charge for compressor repairs and Freon was the result of Skyriser's own actions. **See id.**, ¶¶ 39-40. Appellant requested that the court strike the confession of judgment or, alternatively, modify the judgment to $12,861.00. **See id.**, ¶¶ 42, 46.

Skyriser filed a response opposing Appellant's petition to strike or open. The trial court heard oral argument on March 26, 2024. The following day, the court entered an order denying Appellant's petition to strike or open. The court concluded that Skyriser properly served Appellant with the complaint, and Appellant did not demonstrate compelling reasons for its delay in filing the petition to strike or open.

Appellant filed a motion for reconsideration, arguing the 30-day period for filing a petition to open was not applicable because Skyriser did not serve Appellant with the required notices and forms. **See** Motion for Reconsideration, 4/8/24, ¶¶ 9-19. Appellant also argued the confession of judgment provision in the Lease was legally insufficient. **See id.**, ¶¶ 20-29. Finally, Appellant argued that if the court declined to strike or open the confessed judgment, the court should exercise its equitable powers to modify the amount of damages. **See id.**, ¶¶ 30-37.

The trial court heard oral argument. On April 23, 2024, the trial court granted reconsideration. On May 24, 2024, the trial court issued an order denying in part, and granting in part, Appellant's motion:

> The Motion to Strike and/or Open Judgment is **DENIED**. However, we are persuaded by the request in Paragraph C of the Motion, and we hereby exercise our equitable powers to consider whether to modify the amount of damages.
>
> The Court hereby **AUTHORIZES** all parties to conduct depositions on the issue of damages only, to be concluded within one-hundred-twenty (120) days. All depositions shall be submitted to the Court, as this shall be the exclusive method for

the Court to resolve any issue of fact regarding the damages sought by [Skyriser].

> The parties are also **ADVISED** that the Court may refer the matter to mediation pursuant to Fayette County Rule of Civil Procedure 212.5.

Order, 5/24/24 (emphasis in original).

Appellant filed a notice of appeal on June 21, 2024. Appellant subsequently filed a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

Appellant now raises the following issues for review:

1. Whether [Skyriser's] failure to provide proper notice as prescribed by Pa.R.C.P. 2973.3(a), by not including a form of a petition to strike a confession of judgment and request for prompt hearing as prescribed by Pa.R.C.P. 2967, constitutes a fatal defect or irregularity to warrant granting [Appellant's] petition to strike[?]

2. Whether [Skyriser's] failure to provide proper notice as prescribed by Pa.R.C.P. 2973.3(a), by not including a form of a petition to strike a confession of judgment and request for prompt hearing as prescribed by Pa.R.C.P. 2967, negated the requirement that [] Appellant file a petition for relief from a confessed judgment within thirty days after service of notice as directed under Pa.R.C.P. 2973.3[?]

3. Alternatively, whether Appellant raised sufficient issues regarding the factual averments contained in the record as filed by [Skyriser] to warrant a hearing, opening the confession of judgment[?]

Appellant's Brief at 4-5.[4]

---

[4] Skyriser has not filed an appellee's brief.

As an initial matter, we must consider whether the order denying in part and granting in part Appellant's motion for reconsideration is final and appealable. **See McGrogan v. First Commonwealth Bank**, 74 A.3d 1063, 1074 (Pa. Super. 2013) ("[T]he question of appealability implicates the jurisdiction of this Court….") (citation omitted).

> An appeal may be taken from: (1) a final order or an order certified as a final order (Pa.R.A.P. 341); (2) an interlocutory order as of right (Pa.R.A.P. 311); (3) an interlocutory order by permission (Pa.R.A.P. 312, 1311, 42 Pa.C.S.A. § 702(b)); or (4) a collateral order (Pa.R.A.P. 313).

**Cavallo Mineral Partners, LLC v. EQT Prod. Co.**, 298 A.3d 413, 419 (Pa. Super. 2023) (citation and brackets omitted).

Here, in its Rule 1925(a) statement, the trial court opined the instant appeal is interlocutory and unappealable. Rule 1925(a) Statement, 7/16/24. By contrast, Appellant asserts the court's May 24, 2024, order is immediately appealable under Pa.R.A.P. 311 (Interlocutory Appeals as of Right).

Rule 311 provides, in relevant part:

> **(a) General Rule.** An appeal may be taken as of right and without reference to Pa.R.A.P. 341(c) from the following types of orders:
>
>> (1) *Affecting Judgments.* An order refusing to open, vacate, or strike off a judgment. If orders opening, vacating, or striking off a judgment are sought in the alternative, no appeal may be filed until the court has disposed of each claim for relief.

Pa.R.A.P. 311(a)(1).

Instantly, the express terms of the trial court's order "denied" Appellant's petition to strike or open the judgment. Order, 5/24/24. However, by employing its equitable powers to grant Appellant's request for further proceedings on damages, the trial court, in effect, opened the judgment for the limited purpose of assessing the total damages. *See Digital Commc'ns Warehouse, Inc. v. Allen Invests., LLC*, 223 A.3d 278, 283-84 (Pa. Super. 2019) (concluding the trial court order—which purported to grant the appellant's motion to strike a judgment as to damages only and ordered a damages hearing—essentially opened the default judgment entered against the appellant, and should be treated as an order granting a petition to open the judgment); *see also generally Centric Bank v. Sciore*, 263 A.3d 31, 45 (Pa. Super. 2021) ("When a complaint for confession of judgment is filed … the plaintiff need only aver a default and allege the amounts due. Unless it is evident from the face of the instrument that the judgment is grossly excessive or includes recovery for items not authorized by the instrument, **a challenge to the accuracy of such amounts should be resolved by a petition to open the judgment**." (emphasis added; citation omitted)); *Neducsin v. Caplan*, 121 A.3d 498, 504 (Pa. Super. 2015) ("A petition to open a confessed judgment is an appeal to the **equitable powers** of the court." (emphasis added)). Because the trial court opened the judgment for this limited purpose, the instant appeal is not an interlocutory appeal as of right under Rule 311(a)(1).

Although Appellant does not argue the judgment is final, we briefly address the finality of the judgment under Pa.R.A.P. 341. Generally, a final order is one that "disposes of all claims and of all parties[.]" Pa.R.A.P. 341(b)(1). This Court has explained:

> By its nature, an order striking a [] judgment is not a final order that disposes of the matter. Instead, such an order annuls the original judgment[,] and the parties are left as if no judgment had been entered.

*Digital Commc'ns Warehouse*, 223 A.3d at 284 (citation omitted); *see also United Parcel Service v. Hohider*, 954 A.2d 13, 16 (Pa. Super. 2008) (explaining that an order granting a motion to strike a judgment generally is not appealable because "[s]uch an order **anticipates further litigation**" (emphasis added)).

Here, the trial court's order permits the parties to conduct depositions and reserves to the court the authority to resolve issues of fact concerning damages. Thus, by its terms, the order explicitly anticipates further litigation. We therefore agree with the trial court's conclusion that its May 24, 2024, order is interlocutory and not appealable.[5] Consequently, we must quash Appellant's appeal for lack of jurisdiction.[6]

---

[5] Appellant did not obtain permission to file an interlocutory appeal, nor is the subject order a collateral order. *See Cavallo Mineral Partners*, 298 A.3d at 419.

[6] Thomas W. Shaffer, Esquire, filed an application to withdraw as counsel on January 27, 2025. Attorney Shaffer advised that he does not represent

*(Footnote Continued Next Page)*

Appeal quashed.  Application to withdraw granted.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 03/03/2025

---

Skyriser for purposes of appeal, and states he never entered his appearance in this Court.  We grant Attorney Shaffer's application to withdraw.